# Mark DeMarco

---

| | |
|---|---|
| **From:** | WILBURN ANDRE SHAWN (73608298) |
| **Sent Date:** | Tuesday, April 18, 2023 9:19 AM |
| **To:** | msdlaw@aol.com |
| **Subject:** | Objection to Ex Parte Communication |

April 18, 2023

The Honorable Margo K. Brodie
United States Disrict Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Case Nos. 19-CR-108 / 19-CR-139

Dear Chief Judge Brodie:

   The defendant respectfully submits this letter for the purpose of objecting to the egregiously unethical and improper Ex Parte, off-the-record, and private communication between the Court and the government.

I. Facts

   On April 14, 2023, during a pretrial conference, the Court directed the Bureau of Prisons, in particular Metropolitan Detention Center Brooklyn, to file a letter explaining why the defendant was not produced for the conference. Later that day, the government verified that the Court "directed the Bureau of Prisons to file a letter of explanation." Docket Entry 220 at n.1 (Government letter dated 04/14/2023 explaining the defendant's non-production). Nevertheless, "by email dated April 14, 2023, the Court's deputy confirmed that the Court would accept a letter from the government given that the defendant's non-production was the result of an internal administrative error." Id. However, aside from these unsubstantiated statements, the government failed to proffer any evidence of its email communication with the Court's deputy.

II. Discussion

   The ultimate issue is how the Court knew of the government's alleged administrative error prior to any on-the-record explanation. This clearly demonstrates that there were improper ex parte communications between the Court deputy and the government.

   "The manner in which" the government's letter "was filed," within hours of the April 14, 2023 conference raises red flags. United States v. Apple 787 F. 3d 131, 139 (2d Cir. 2015). "[A]nd the fact that [the letter] was preceded by at least some ex parte communications with" the government "raise[s] 'an appearance of impartiality' and 'an appearance of impropriety.'" Id. (quoting Liljeberg v. Health Serv. Acquisition Corp, 486 US 847, 860-861 (1988)). And this improper contact was not harmless.

   The commentary on Rule 53 discourages any ex parte communication between a Court appointee and a party, noting that "[i]n most settings,... ex parte communications with parties should be discouraged or prohibited" by the district Court. 2003 Advisory Committee Amendment to Federal Rule of Civil Procedure 53(b). It's important to note that a Court deputy is a Court appointee. See Code of Conduct for United States Judges cmt. Canon 3B(3) ("A judges appointees include assigned counsel,... and personnel such as law clerks, secretaries, and judicial assistants.")

   Therefore, not only was this improper contact egregiously unethical, but the Court abrogated the defendant's due process rights through private, ex parte communication with government counsel.

   Finally, the "[C]ourt and the [g]overnment engaged in ex parte communications that undermined" the defendant's constitutional rights, fundamental fairness, and transparency of the public criminal proceedings.

# Mark DeMarco

United States v. Loera, 24 F. 4th 144 (2d Cir. 2022).

III. Conclusion

    For the foregoing reasons, the defendant respectfully objects to the egregiously unethical ex parte, off-the-record, communication between the Court and the government.

Respectfully submitted,
.
_____/s/_____
Andre Wilburn #73608-298
Pro Se Defendant
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232
.

CC: The Hon. Margo K. Brodie (by ECF)
Clerk of the Court (MKB) (by ECF)
Eric Silverberg for the Government (by ECF)