# Mark DeMarco

| | |
|---|---|
| **From:** | WILBURN ANDRE SHAWN (73608298) |
| **Sent Date:** | Sunday, May 28, 2023 2:50 PM |
| **To:** | msdlaw@aol.com |
| **Subject:** | Remove Redactions |

United States District Court
Eastern District of New York
--------------------------------------------X
United States,
                Plaintiff

    - against -

Andre Wilburn,
                Defendant.
--------------------------------------------X

Case No. 19-CR-108 (MKB)

MOTION TO UNSEAL AND REMOVE ALL REDACTIONS FROM ALL DOCKET ENTRIES AND TRANSCRIPTS

   The defendant, Andre Wilburn, incorporating by reference Docket Entry ("Dkt.") 134, and pursuant to the First Amendment and common law, most respectfully moves the Court to unseal Dkts. 128 (Defendant's advising of harsh medical conditions at MDC Brooklyn), 225 (Declaration of former-counsel Samuel Gregory opposing ineffective assistance of counsel claims), and 226 (Declaration of former-counsel Zachary Taylor opposing ineffective assistance of counsel claims). Moreover, the defendant respectfully moves the Court to remove all redactions from Dkt. 129 (Government's response to defendant's medical claims) and portions of the transcript dated November 30, 2022. (U.S. Const amend I.).

FACTS

   1. On _____, the defendant filed a letter advising the Court of inadequate medical care at MDC Brooklyn. (Dkt. 128).

   2. On July 11, 2022, the Court ordered the government to respond to Dkt. 128. (See Order Dated 07/11/2022)

   3. On _____, the government responded and asked the Court to seal Dkt. 128 and redact portions of their response, Dkt. 129, without any adequate reasons that pertain specifically to the defendant's circumstances. The Court granted the government's request to seal and redact.

   4. On _____, the defendant moved the Court to remove all redactions and unseal Dkts. 128 and 129. (Dkt. 134).

   5. Subsequently, the Court abused its discretion in its order stating that "the government does not have to respond to the defendant's Motion to unseal and may disregard the directive and timeline," merely because of the defendants speedy trial Motions and other filings that were unrelated to the issue at hand. (Order dated 07/14/2022 (Dkt. 145)).

   6. On November 30, 2022, during an in-person pretrial conference, the Court ordered the defendant's statements sealed. because_____

   7. On April 27, 2023, the Court immediately sealed the declarations filed by former counsel Samuel Gregory and Zachary Taylor. (Dkts. 225 and 226).

DISCUSSION

# Mark DeMarco

---

    The Second Circuit has "emphasize[d] that there is a strong public interest in the manner in which criminal cases are conducted." (Gannett Media Corp v. United States, No. 22-2160, US App. LEXUS 35099 at 9 (2d Cir. Dec 20, 2022)). Because of this strong public interest, the public's access to judicial documents is protected by a "qualified First Amendment Right." (Hartford Courant Co. v. Pellegrino, 380 F. 3d 83, 91 (2d Cir. 2004)). And declarations are not immune from this strong public interest. (United States v. Gurena, 869 F. 2d 82, 85 (2d Cir. 1989) (Applying First Amendment right of public access to "briefs and memoranda" filed in connection with pre-trial motions)). Moreover, "[j]udicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the United States Constitution." (Mirlis v. Greer, 952 F. 2d 51, 58 (2d Cir. 2020)). It's been said that "the First Amendment protection [is]understood to be stronger than its common law ancestor and counterpart." (United States v. Erie County, 763 F. 3d 235, 239 (2d Cir. 2014); U.S. Const. amend I).

    However, neither the Court's "broad findings", (Gannett, US App. LEXIS at 35099 at 8), nor the government's "generalized statements about the record", (Brown v. Maxwell, 929 F. 3d. 41, 48 (2d Cir. 2019)), support the sealing or redactions. Relatedly, "the district court failed to make the requisite specific findings that would support the redactions of the [judicial documents] under either" the First Amendment or common law "presumption." (Id.). Further, "'it would be difficult to single out any aspect of government of higher concern and importance to the public than the manner in which criminal [proceedings] are conducted.'" (In re National Broad Co., 635 F. 2d 945, 951 (2d Cir. 1980) (quoting Richmond Newspapers v. Virginia, 488 US 555, 575 (1980)). And finally, "[i]n our adversarial system, ex parte motions are disfavored," (Ayestas v. Davis, 138 S. Ct. 1080, 1091 (2018)), because in the criminal context, "fairness can rarely be obtained by secret, one-sided determination[s] of facts [that are] decisive of rights.") (quoting Joint Anti-Fascist Refugee Comm. v. McGrath, 341 US 123, 170 (1951) (Frankfurter, J., concurring)).

CONCLUSION

    For the foregoing reasons, the defendant respectfully moves the Court to unseal and remove all redactions from the public record.

Dated: May 27, 2023
       Brooklyn, NY

_____/s/_____
Andre Wilburn #73608-298
Pro Se
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

cc: The Hon. Margo K. Brodie (By ECF)
cc: The Clerk of the Court (MKB) (By ECF)
cc: Eric Silverberg for the Government (By ECF)
cc: Linda M. Wilburn (by TruLincs message)